IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

_____

| | | |
|---|---|---|
| CHARLES OSBORN McFARLANE, | ) | Cause No. CV 08-91-BLG-RFC-CSO |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| STATE OF MONTANA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

On July 25, 2008, Petitioner Charles McFarlane submitted a document titled "Appeal to the U.S. District Court from the Order of the Montana Supreme Court in the Cause No. 07-0391 Writ of Habeas Corpus, and Motion for Appointment of an Attorney." The document was filed as a petition for writ of habeas corpus.

On August 20, 2008, in response to the Court's Order of July 29, 2008, McFarlane filed an Amended Petition. He is a state prisoner proceeding pro se.

McFarlane's allegations in the Amended Petition remain somewhat unclear. It is clear, however, that he asks the Court to order the Montana Department of Corrections to "cease taking restitution for a sentence that I have already discharged, and reimburse all the money taken since Aug. 1st 2006." Am. Pet. (doc. 5) at 7, ¶ 18. It is also clear that he is currently in custody "on

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

another conviction." Id. at 6, ¶ 15D.

Federal habeas relief is available to state prisoners who allege that they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see also Felker v. Turpin, 518 U.S. 651, 662 (1996) (stating that § 2254 limits federal courts' jurisdiction to cases where a prisoner is in custody pursuant to state judgment). McFarlane's restitution obligation is not custody. See, e.g., Dremann v. Francis, 828 F.2d 6, 7 (9th Cir. 1987) (per curiam) (fine); Erlandson v. Northglenn Mun. Court, 528 F.3d 785, 788 (10th Cir. 2008) (holding that it is "well established" that "[t]he 'in custody' language of § 2254 is jurisdictional and requires habeas petitioners to be 'in custody' under the conviction or sentence under attack when they file the petition" and that payment of restitution is not contemplated in the 'custody' requirement of the habeas statutes); Virsnieks v. Smith, 521 F.3d 707, 718 (7th Cir. 2008). Nor is failure to pay restitution the reason for his current custody. See Am. Pet. at 6, ¶ 15D. Consequently, the Court lacks jurisdiction under 28 U.S.C. § 2254. The Amended Petition should be dismissed.

The foregoing analysis is based on clearly established, unambiguous law. There is no basis for a reasonable jurist to conclude that McFarlane's petition supports federal habeas relief. A certificate of appealability is not warranted.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1. McFarlane's Amended Petition (doc. 5) should be DISMISSED for lack of subject-matter jurisdiction.

2. The Clerk of Court should be directed to enter by separate document a judgment of

dismissal.

   3.  A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge.

McFarlane must immediately inform the Court of any change in his mailing address by filing a "Notice of Change of Address."

DATED this 16th day of September, 2008.

                                                   /s/ Carolyn S. Ostby  
                                                 Carolyn S. Ostby  
                                                 United States Magistrate Judge