FILED
BILLINGS DIV.
2008 OCT 24 AM 11 43
PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| CHARLES OSBORN MCFARLANE, ) | CV-08-91-BLG-RFC |
| ) | |
| Petitioner, ) | |
| vs. ) | |
| ) | ORDER ADOPTING FINDINGS |
| STATE OF MONTANA, ) | AND RECOMMENDATIONS OF |
| ) | U.S. MAGISTRATE JUDGE |
| Respondents. ) | |
| ) | |

On September 16, 2008 United States Magistrate Judge Carolyn Ostby entered Findings and Recommendation (*Doc. 8*) with respect to of McFarlane's Amended Petition for writ of habeas corpus (*Doc. 5*). Through his Amended Petition, McFarlane seeks relief from the payment of restitution relating to a sentence which he previously discharged and which is different from the sentence he is currently serving. Accordingly, because (1) the "in custody" language of 28 U.S.C. § 2254 is jurisdictional and requires the petitioner to be in custody pursuant to the sentence under attack at the time the petition is filed and (2) payment of restitution is not contemplated by the "in custody" requirement of the federal habeas statutes, *see e.g. Erlandson v. Northglenn Mun. Court,* 528 F.3d 785, 788 (10th Cir. 2008), Magistrate Judge Ostby recommends this Court dismiss the Amended Petition for lack of subject matter jurisdiction. It is also recommended that a certificate of appealability be denied.

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to

1

file written objections. 28 U.S.C. § 636(b)(1)[1]. In this matter, McFarlane filed an objection on October 1, 2008. McFarlane' objections require this Court to make a *de novo* determination of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 636(b)(1).

The Court construes McFarlane's objections as asking for leave to amend his petition to properly challenge the state's collection of restitution on a sentence that he has already completed. However, the Court is unaware of any other basis for federal jurisdiction over such a challenge. For that reason, amendment would be futile.

After a de novo review, the Court determines the Findings and Recommendation of Magistrate Judge Ostby are well grounded in law and adopts them in their entirety.

Accordingly, **IT IS HEREBY ORDERED** that McFarlane's Amended Petition (*Doc. 5*) is **DISMISSED** for lack of jurisdiction. There being no basis for a reasonable jurist to conclude otherwise, a certificate of appealability is **DENIED**.

The Clerk of Court shall notify the parties of the entry of this Order and a judgment of dismissal by separate document.

DATED this 24 day of Oct, 2008.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE

---

[1] In prisoner cases, this Court extends the time to object to twenty days in order to take into account the Supreme Court's ruling in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988), and the somewhat greater mailing time that is involved in sending documents into and out of a prison facility.

2